# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

BARBARA S. EDWARDS,

    Plaintiff,

v.                            CIVIL ACTION NO. 3:17-2203

JAMES W. STURGEON III and
PV HOLDING CORP., a foreign corporation,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant P.V. Holding Corp.'s Motion to Dismiss Plaintiff's Complaint. ECF No. 4. In the alternative, Defendant P.V. Holding moves for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. For the following reasons, the Court **GRANTS** the motion to dismiss and **DISMISSES WITHOUT PREJUDICE** the claims against P.V. Holding Corp.

On February 27, 2017, Plaintiff Barbara S. Edwards filed a Complaint against Defendants James W. Sturgeon III and P.V. Holding in the Circuit Court of Mason County. On April 3, 2017, Defendant Sturgeon removed the action to this Court. In the Complaint, Plaintiff alleges that Defendant Sturgeon was driving a vehicle owned by Defendant P.V. Holding, when he failed to maintain control of the vehicle and struck Plaintiff's vehicle. In Count I of the Complaint, Plaintiff alleges that the accident was caused by Defendant Sturgeon's negligence. In Count II, Plaintiff alleges that Defendant P.V. Holding was negligent for two reasons. First, Plaintiff alleges that "Defendant PV Holding Corp. knew, or had reason to know, that defendant

James Sturgeon III, because of routine, experience and or prior actions, was likely to drive his vehicle in a negligent and reckless manner." *Compl.* at ¶12, ECF No. 1-1, at 6. Second, Plaintiff contends that "Defendant PV Holding Corp. knew, or had reason to know, that its vehicle was mechanically unsound and/or defective and the use of which posed a risk to others, and specifically to the plaintiff Barbara Edwards." *Id.* at ¶13. Following removal, Defendant P.V. Holding moved to dismiss the action for failing to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for a more definite statement under Rule 12(e).

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court

reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient. *Id*. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id*. (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*.

In reviewing the Complaint in this case, the Court finds that Plaintiff has failed to provide any factual basis for alleging that P.V. Holding knew about any proclivity of Mr. Sturgeon to drive in a negligent or reckless manner. In fact, Plaintiff states in her Response that she has no

information regarding Mr. Sturgeon's condition at the time of the accident, nor his driving history. Thus, as Plaintiff's claim is mere speculation without any factual support, the Court **GRANTS** P.V. Holding's motion to dismiss this claim.

Likewise, the Court finds no facts in the Complaint to that support Plaintiff's claim that the vehicle Mr. Sturgeon was driving was mechanically unsound or defective and that P.V. Holding knew, or had reason to know, about the condition. In her Response, Plaintiff asserts her allegation is based upon the crash report in which Mr. Sturgeon stated "something caused the car to go left and I don't know what." *Point Pleasant Police Dep't Accident Statement Form*, ECF No. 9-1, at 14. However, this information appears nowhere in the Complaint and, even if it did, does not support Plaintiff's allegation that P.V. Holding knew the vehicle was unsound or defective. Without more in the Complaint, Plaintiff's unsubstantiated statement cannot survive dismissal and, therefore, the Court **GRANTS** the motion to dismiss the claim.

Accordingly, for the foregoing reasons, the Court **GRANTS** Defendant P.V. Holding Corp.'s Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Count II.[1]

---

[1] Although P.V. Holding made an alternative request for a more definite statement under Rule 12(e), this Rule applies when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, "[i]t is 'ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail[.]'" *Tilley v. Allstate Ins. Co.*, 40 F. Supp. 2d 809, 814 (S.D. W. Va. 1999). In this case, Plaintiff's claims are insufficient because she fails to provide specific facts as required by *Twombly* and not because the claims are vague, ambiguous, or otherwise unintelligible.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 1, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE